IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES A. PEARSON, #182691, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-828-MEF |
| | ) | [WO] |
| | ) | |
| ELLEN BROOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Charles A. Pearson ["Pearson"], an indigent state inmate, complains that he was subjected to an illegal arrest on October 3, 2005. Pearson further challenges the constitutionality of a recent conviction and sentence entered against him by the Circuit Court of Montgomery County, Alabama. Pearson seeks monetary damages, a declaratory judgment and injunctive relief.

Upon review of the complaint, the court concludes that dismissal of the plaintiff's claims relative to his conviction and sentence prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

**DISCUSSION**

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**A.  District Attorney Ellen Brooks and Assistant District Attorney Scott Green**

Pearson challenges the constitutionality of actions undertaken by the district attorney and an assistant district attorney during his trial and sentencing before the Circuit Court of Montgomery County, Alabama.  It is clear from the complaint that the claims made against these defendants emanate from their representation of the State during the criminal proceedings before the Circuit Court of Montgomery County.  "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)."  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages. . . . [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery. . . .  In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section

>    1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which the plaintiff complains with respect to defendants Brooks and Green relate to their role "as an 'advocate' for the state" and such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendants Brooks and Green are therefore "entitled to absolute immunity for that conduct." *Id.* Thus, the plaintiff's request for damages against Ellen Brooks and Scott Green lacks an arguable basis and is therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B. The Challenges to Plaintiff's Conviction

Pearson attacks the validity of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama. Specifically, Pearson complains that he "was prosecuted maliciously" and that the State "obtained a conviction pursuant [to] the use of illegal evidence." *Plaintiff's Complaint* at 3. He further complains that "the sentence imposed by the court is illegal." *Id*. The aforementioned claims go to the fundamental legality of Pearson's conviction and resulting sentence. Consequently, these

---

[2] 2. Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648.

Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims presented in the instant complaint challenge the constitutionality of a conviction and sentence imposed upon Pearson by the Circuit Court of Montgomery County on June 28, 2006 and July 27, 2006, respectively. A judgment in favor of Pearson on these claims would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction and sentence about which Pearson complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the judgment of the state court is prohibited and subject to summary dismissal by this court in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Ellen Brooks and Scott Green be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The plaintiff's challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before October 3, 2006 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE