IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHARLES A. PEARSON, #182691** | ) |
| | ) |
| Plaintiff, | )   CV No. 2:06-CV-828-MEF |
| | ) |
| **K.L. BYRD, et al.,** | ) |
| | ) |
| Defendants. | ) |

### MOTION TO STRIKE PLAINTIFF'S RESPONSE AND EVIDENTIARY SUBMISSIONS TO WRITTEN REPORTS FILED BY THE DEFENDANTS

**COME NOW** Defendants, by and through undersigned counsel and, pursuant to this Court's Orders of January 10, 2007 and March 1, 2007, move to strike Plaintiff's Response to Written Reports filed by the Defendants with evidentiary submissions. Defendants submit that the response is untimely and evidentiary submissions are not in proper affidavit form therefore they do not comply with Rule 56(e) of the *Federal Rules of Civil Procedure*. In further support of said motion, Defendants state unto the Court the following:

1. On September 15, 2006, Plaintiff filed a three count Complaint and named as Defendants: District Attorney Ellen Brooks, Deputy District Attorney Scott Green and two detectives with the Montgomery Police Department, K. L. Byrd and C.G. Gruhn. Count One of the Complaint alleged an illegal arrest on October 3, 2005, by Detectives Byrd and Gruhn. Count Two alleged a claim against the state for malicious prosecution that occurred on June 28, 2006. Count Three alleged imposition of an illegal sentence on July 27, 2006. Plaintiff requested monetary damages, a declaratory judgment and injunctive relief. *(Document #1).*

2. On September 20, 2006, the Court entered a Report and Recommendation that (1) dismissed the § 1983 claims presented against Ellen Brooks and Scott Green with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii); (2) dismissed the

Plaintiff's challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (3) dismissed the case prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). *(Document #3).*

3. On September 26, 2006, the Court granted Plaintiff an extension to file objections to the Report and Recommendation and also substituted page 6 of the previous Order to reflect that rather than dismiss the case prior to service of process as indicated in paragraph #3 of the Order entered on September 20, 2006 that the case with respect to the Plaintiff's illegal arrest claim against defendants Byrd and Gruhn be referred back to the Magistrate Judge for additional proceedings. *(Document #7).* The Court also allowed Pearson to amend his Complaint and assert additional claims for relief against Defendants Byrd and Gruhn. *(Document #8).*

4. The remaining claim in the Complaint against Defendants Byrd and Gruhn is for unlawful arrest. In the first Amended Complaint, Plaintiff alleged that Defendants Byrd and Gruhn violated his rights pursuant to the "Eighth and Fourteenth Amendment(s) of the U.S. Constitution cruel and unusual punishment, due process and equal protection of the law." Plaintiff claimed additional relief for the Montgomery Police Department to change their policies concerning use of force, appointment of counsel, trial by jury and punitive, compensatory and other monetary damages.

5. Defendants K. L. Byrd and C.G Gruhn filed a Written Report and Answer on November 6, 2006. *(Document #14).* Plaintiff was allowed until November 27, 2006 to file a response to Defendants' Written Report and Answer. *(Document # 15).*

6. On November 29, 2006, Plaintiff filed a Motion for Extension of Time and Motion to Amend to name new defendants. *(Documents #18 and #19).* Newly named Defendants,

Benjamin Harrison, Don K. Corkran and Gary Reardon were given 40 days to file a written report to Plaintiff's allegations. *(Document #20).*

7. Defendants, Benjamin Harrison, Don K. Corkran and Gary Reardon filed a Written Report and Answer on January 9, 2007. *(Document #24).*

8. On or before January 30, 2007, Plaintiff was ordered to file his response to Defendants' Written Reports. *(Document #25).*

9. On February 14, 2007, Plaintiff filed a Motion for Appointment of Counsel. *(Document #26).* On that same day, the Court denied Plaintiff's Motion for Appointment of Counsel but allowing Plaintiff until February 28th to file a response to Defendants' Written Reports. *(Documents #27 and #28).*

10. On March 1, 2007, Plaintiff filed another Motion for Extension of Time and was granted until March 30, 2007 to file his response. *(Document #30).*

11. On April 18, 2007, Plaintiff submitted alleged Affidavits with Plaintiff's Response to the Written Reports Filed by the Defendants. The document also made another request for appointment of counsel. *(Document #31).* On April 19, this Court denied Plaintiff's request for appointment of counsel. *(Document #32).*

12. Plaintiff has been given repeated extensions of time to file a response to Defendants' Written Report. Plaintiff did not submit a response until April 18th which is outside of the March 30, 2007 deadline ordered by the Court on March 1, 2007. *(Document #30).* Additionally, pursuant to this Court's order of January 10, 2007, Plaintiff fails to respond to the claims and defenses in Defendants' Written Reports. *(Document #25).*

13. Finally the exhibits submitted with Plaintiff's response are not in proper affidavit form and therefore do not comply with Rule 56(e) of the *Federal Rules of Civil Procedure*. There are

three exhibits submitted as affidavits to support Plaintiff's position. The affidavits are not dated by the affiant and one affidavit is signed by two affiants. Additionally, neither of the affidavits identifies that any of the Defendants named in this case are the same individuals of which Plaintiff has filed claims against. Therefore affiants are not competent to testify to the matters in the complaint.

**WHEREFORE ABOVE PREMISES CONSIDERED,** Defendants submit that Plaintiff's Response to Written Reports filed by the Defendants be struck from the record and not considered as evidence by this Court.

Respectfully submitted this the 26th day of April, 2007.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for Defendants

**OF COUNSEL:**
**City of Montgomery**
**Legal Department**
103 N. Perry St.
Montgomery, AL 36104
(334) 241-2050
(334) 241-2310 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. Mail, postage prepaid and properly addressed on this 26th day of April, 2007 to the following:

Charles A. Pearson, Jr.
182691 (H01-086A)
St. Clair Correctional Facility
1000 St. Clair Road
Springville, AL  35146-5582

Kimberly O. Fehl
OF COUNSEL