**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| CHARLES PEARSON, | ) Case No.: 2:06-CV-828 |
| Plaintiff, | ) **REQUESTED JURY INSTRUCTIONS OF DEFENDANTS BYRD, HARRISON, REARDON and CORKRAN** |
| vs. | ) |
| K.L. BYRD, C.G. GRUHN, et. al., | ) |
| Defendant | ) |

COME NOW the defendants, Byrd, Harrison, Reardon, and Corkran by and through undersigned counsel and request that the following jury charges and interrogatory be given at the conclusion of evidence in this case.

**1.     ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS II. 2.1—FOURTH AMENDMENT EXCESSIVE FORCE**

In this case the Plaintiff claims that the defendants, while acting "under color" of state law, intentionally deprived the plaintiff of the plaintiff's rights under the Constitution of the United States.

Specifically, the plaintiff claims that while the defendants were acting "under color" of state law as members of the Police Department of the City of Montgomery they intentionally violated the plaintiff's constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest is otherwise made in accordance with the law.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: That the defendants intentionally committed acts that violated the plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest:

<u>Second</u>: That in so doing the defendants acted "under color" of state law; and

<u>Third</u>: That the defendants' acts were the proximate or legal cause of damages sustained by the plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A state or local official acts "under color" of state law not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official.

Plaintiff's claim is that excessive force was used by the defendants in effecting the plaintiff's arrest. In that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law. On the other hand, in making a lawful arrest, an officer has the right to use such force as is

reasonably necessary under the circumstances to complete the arrest. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate violent threat to others, and whether the suspect is resisting or fleeing. You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances disclosed in this case.

If you should find for the plaintiff and against the defendants, you must then decide the issue of the plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

In considering the issue of the plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    (a)    The reasonable value of any property lost or destroyed during, or as a result of, the defendant's unconstitutional acts;

    (b)    The reasonable cost of medical care and hospitalization;

    (c)    Physical or emotional pain and mental anguish.

GIVEN: _____          DENIED: _____

## REQUESTED SPECIAL INTERROGATORIES

### TO THE JURY
**(Fourth Amendment §1983 claim)**

**Do you find from a preponderance of the evidence:**

1.    That the defendant intentionally committed acts that violated the plaintiff's federal constitutional right [not to be subjected to excessive or unreasonable force during an arrest]?

    Answer Yes or No _____

2.    That the defendant's acts were the proximate or legal cause of damages sustained by the plaintiff?

    Answer Yes or No _____

    [Note:    If you answered No to either Question No. 1 or Question No. 2, skip the remaining Questions and have your foreperson sign this verdict form at the bottom of the next page.]

3. That the plaintiff should be awarded damages to compensate for the reasonable value of any property lost or destroyed during, or as a result of, the defendant's unconstitutional acts?

  Answer Yes or No _____

  If you answer was Yes,
  In what amount?  $_____

4. That the plaintiff should be awarded damages to compensate for the reasonable cost of medical care and hospitalization

  Answer Yes or No _____

  If you answer was Yes,
  In what amount?  $_____

5. That the plaintiff should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

  Answer Yes or No _____

  If you answer was Yes,
  In what amount?  $_____

6. That the defendant acted with malice or with reckless indifference to the plaintiff's federally protected rights and that punitive damages should be assessed against the defendant.

  Answer Yes or No _____

If you answer was Yes,
In what amount?            $_____

**(Factual Issues Regarding Qualified Immunity)**

7. Were the following defendants acting within the scope of their discretionary authority when they used force to arrest Charles Pearson?[1]

>Don Corkran – Answer Yes or No _____

>Gary Reardon – Answer Yes or No _____

>Benjamin Harrison – Answer Yes or No _____

8. Were the following defendants acting within the scope of their discretionary authority as police officers when they employed force to subdue Charles Pearson while in the detective office at police headquarters?

>Kevin Byrd – Answer Yes or No _____

>Christopher Gruhn – Answer Yes or No _____

9. If you answered yes to any in items seven (7) or eight (8) above, was the constitutional right infringed upon clearly established in the eyes of the police officer at the time of the application of force?[2]

>Don Corkran – Answer Yes or No _____

>Gary Reardon – Answer Yes or No _____

>Benjamin Harrison – Answer Yes or No _____

>Kevin Byrd – Answer Yes or No _____

>Christopher Gruhn – Answer Yes or No _____

---

[1] McCrary v. City of Dothan, not reported in F.3d, 2003 WL 23518420 (M.D.Ala.2005); *see also* Vinyard v. Wilson, 311 F.3d 1340, 1336 (11th Cir.2002).
[2] Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513 (2002); Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001).

SO SAY WE ALL

_____
Foreperson

DATE:_____

GIVEN: \_\_\_\_\_        DENIED: \_\_\_\_\_

Respectfully submitted this the 18th day of June, 2008.

/s/ Wallace D. Mills
Wallace D. Mills
Assistant City Attorney

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Charley Anthony Tudisco
Scott Wayne Gosnell
Tudisco & Gosnell, LLC
1901 Cogswell Avenue, Ste. 2
Pell City, AL  35125

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

Charles Pearson
AIS #182691 (HO1-086A)
St. Clair Correctional Facility
1000 St. Clair Road
Springville, AL  35146-5582

/s/Wallace D. Mills
Of Counsel