IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES A. PEARSON, AIS 182691, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NUMBER: 2:06-CV-828-MEF |
| | ) |
| K.L. BYRD, et al, | ) |
| | ) |
| Defendants, | ) |

**DEFENDANTS C.G. GRUHN'S PROPOSED JURY CHARGES**

COMES NOW Christopher G. Gruhn, a defendant in the instant case, and respectfully proposes that the following charges and interrogatories be given to the jury at the conclusion of the evidence in this matter:

**I. ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS II.2.2 – FOURTH AMENDMENT CLAIM ALLEGING EXCESSIVE FORCE**

In this case the Plaintiff claims that the defendant, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the defendants were acting "under color" of state law as members of the Police Department of the City of Montgomery, Alabama, they intentionally violated the Plaintiff's constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest is otherwise made in accordance with the law. The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: That the Defendants intentionally committed acts that violated the Plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest;

<u>Second</u>: That in so doing the Defendants acted "under color" of state law; and

<u>Third</u>: That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A state or local official acts "under color" of state law not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

Plaintiff's claim is that excessive force was used by the Defendants in effecting the Plaintiff's arrest. In that regard, as previously mentioned, every person has the constitutional right not to be

subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law. On the other hand, in making a lawful arrest, an officer has the right to use such force as is reasonably necessary under the circumstances to complete the arrest.

Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate violent threat to others, and whether the suspect is resisting or fleeing. You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances disclosed in this case.

If you should find for the Plaintiff and against the Defendants, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has

been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) The reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts;

(b) The reasonable cost of medical care and hospitalization;

(c) Physical or emotional pain and mental anguish;

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, you would be authorized to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages, and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

**SPECIAL INTERROGATORIES TO THE JURY**

**Do you find from a preponderance of the evidence:**

1. That the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest?

      Answer Yes or No     _____

2. That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff?

      Answer Yes or No     _____

> [Note: If you answered No to either Question No. 1 or Question No. 2, skip the remaining questions and have your foreperson sign this verdict form at the bottom of the next page.]

3. That the Plaintiff should be awarded damages to compensate for the reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts?

      Answer Yes or No     _____

      If your answer was Yes, in what amount?     $_____

4. That the Plaintiff should be awarded damages to compensate for the reasonable cost of medical care and hospitalization?

      Answer Yes or No     _____

      If your answer was Yes, in what amount?     $_____

5. That the Plaintiff should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

      Answer Yes or No     _____

      If your answer was Yes, in what amount?     $_____

6. That the Defendant acted with malice or with reckless indifference to the Plaintiff's federally protected rights and that punitive damages should be assessed against the Defendant.

        Answer Yes or No    _____

        If your answer was Yes, in what amount?    $_____

7. That the Defendant was acting within the scope of his discretionary authority as a police officer when he used force to subdue the Plaintiff while in the detective office at police headquarters?

        Answer Yes or No    _____

8. If you answered yes to items one (1) and seven (7) above, was the constitutional right infringed upon clearly established at the time of the application of force?

        Answer Yes or No    _____


SO SAY WE ALL.

                                            _____
                                            Foreperson


DATED: _____


GIVEN: ____    DENIED: ____

Respectfully submitted this the 29th day of June, 2008.

        s/ Scott W. Gosnell
SCOTT W. GOSNELL  Bar No. GOS002
CHARLEY A. TUDISCO. Bar No. TUD001
Attorneys for Defendant Christopher G. Gruhn
TUDISCO & GOSNELL, LLC
1901 Cogswell Avenue, Suite 2
Pell City, Alabama  35125
Telephone:  (205) 814-1146
Fax:  (205) 338-0934
E-mail:  sg@tudiscogosnell.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of June, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants, **Wallace D. Mills**;

and I hereby certify that I have also mailed by United States Postal Service the document to the below-named non-CM/ECF participant:

Charles A. Pearson, Jr.
AIS 182691 (H01-086A)
St. Clair Correctional Facility
1000 St. Clair Road
Springville, Alabama  35146-5582

        s/Scott W. Gosnell
        OF COUNSEL