IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES A. PEARSON,<br>AIS # 182691, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO. 2:06cv828-CSC |
| K.L. BYRD, *et al.*, | )<br>)<br>) | |
| Defendants. | ) | |

## CLOSING INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the argument of the parties, it is my duty to give you the instructions of the court concerning the law to apply in this case. When I have finished, you will go to the jury room and begin your discussions.

It is your duty as jurors to follow the law as I shall state it to you, and apply that law to the facts as you find them from the evidence in the case. In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not. You are not to be concerned with the wisdom of any rule or law as stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base

your verdict upon anything other than these instructions and the evidence in the case. Also, you are not to single out one instruction alone as stating the law, but must consider all the instructions together. It would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions or the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

You must also not let your decision be influenced in any way by either sympathy for or prejudice against anyone. Both the public and the parties expect that you will carefully and impartially consider all of the evidence without prejudice or bias or sympathy, follow the law as stated by the court, and render a just verdict regardless of the consequences. Our system of law does not permit jurors to be governed by bias, prejudice, or sympathy, or by public opinion.

In your deliberations, you should consider only the evidence which has been admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits which were admitted in the record. However, as you consider the evidence, you may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that any statements, objections, or arguments made by the parties are not evidence in this case. Except when he was on the witness stand testifying under oath, the statements, objections or arguments made by Mr. Pearson are not evidence in this case. But the statements of Mr. Pearson and the lawyers are for the purpose of pointing out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

It is your own recollection and interpretation of the evidence that controls in the case. The arguments of the parties about what the evidence shows are not binding on you. So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience and knowledge. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Also, you should not assume from anything I may have said or any question I may have asked that I have any opinion concerning any of the issues before you in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Now, I have said that you must consider all of the evidence. That does not mean, however, that you must accept all of the evidence as accurate or true. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to their testimony. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there

was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial. If you believe that any witness has been so discredited, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether the misstatement has to do with an important fact or only with an unimportant detail.

Now, this is a civil case, not a criminal case. Some of you may know that in a criminal case the burden of proof is "beyond a reasonable doubt." This is not the burden of proof in this case because, as I said, this is a civil case.

In this case each party asserting a claim or defense has the responsibility to prove every essential part of his or her contention by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." In this case, the plaintiff has the burden of proof to prove by a preponderance of the evidence each essential element of his claims against each of

the defendants. Additionally, the defendant has raised defenses in this case and she has the burden of proof with respect to each of her defenses.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the court indicates that what is to be proved must be proved by preponderance of evidence and the proof fails to establish any essential part of what is sought to be proved by a preponderance of the evidence, then you should find against the party having the burden of proof.

The Plaintiff in this case, Charles A. Pearson, alleges that the defendants, while acting under color of state law, intentionally deprived him of his rights under the Constitution of the United States. The defendants deny this allegation.

I will now instruct you in more detail the law you must follow in deciding this claim.

Specifically, the Plaintiff claims that while the Defendants were acting under color of authority of the State of as members of the Police Department of the City of Montgomery they intentionally violated the Plaintiff's constitutional right to be free from the use of excessive or unreasonable force during an arrest. Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest is otherwise made in accordance with the law.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States. In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> First: That the Defendants intentionally committed acts that violated the Plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest;
>
> Second: That in so doing the Defendants acted "under color" of the authority of the State of Alabama; and
>
> Third: That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to

answer a series of questions concerning each of these factual issues.

A state or local official acts "under color" of state law not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official.

Thus, the next aspect of the Plaintiff's claim is that excessive force was used by the Defendants in effecting his arrest. In that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law. On the other hand, in making a lawful arrest, an officer has the right to use such force as is necessary under the circumstances to complete the arrest. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate threat, and whether the suspect is resisting or fleeing. You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest

under the same circumstances disclosed in this case.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

If you should find for the Plaintiff and against the Defendants, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred. In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In

that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) The reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts;

(b) The reasonable cost of medical care and hospitalization;

(c) Physical or emotional pain and mental anguish.

(d) Punitive damages, if any (as explained in the Court's instructions)

The Plaintiff also claims that the acts of the Defendants were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages. If you find for the Plaintiff, and if you further find that the Defendants did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others. If you find that punitive damages should be assessed against the Defendants, you may consider the financial resources of the Defendants in fixing the amount of such damages and

you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be understood or interpreted by you in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without sacrificing your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are judges -- judges of the facts. Your only

interest must be to seek the truth from the evidence in this case. When you retired to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience. You will take these forms to the jury room and when you have reached an unanimous agreement as to your verdict, have your foreperson fill in, date, and sign the form that sets forth the verdict upon which you unanimously agreed; then you will return with your verdict to the courtroom, escorted by the courtroom bailiff.

If during your deliberations, you should find it necessary to communicate with the court, please put you message or questions in writing, signed by the foreperson, and pass the note to the bailiff who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom where I can address you orally. This will have to be done in the presence of the parties and their attorneys. If you desire to communicate with me do not indicate the numerical division of the jury.

It is proper, I think, for me to again add this caution. Nothing that I have said in these instructions and nothing that I have said or done during the trial in making rulings on evidence or otherwise, has been said or done to suggest to you what I think your verdict should be. What the verdict should be is your exclusive

duty and responsibility. You may now retire to consider your verdict in this case.